June 2, 2005

U.S. District Court
DISTRICT OF DELEWARE
J.C. BOGGS FEDERAL BUILDING
LOCKBOX 18
WILMINGTON, DE. 19801-3570

RE:    99cr119-1        YOUR #CR05-43
       USA v. DONALD SAVAGE

ATTN: CLERK

Pursuant to TRANSFER OF JURISDICTION, we herewith enclose a certified copy of the following;

INDICTMENT
JUDGMENT
DOCKET SHEET

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By:_____
KEVIN BIBEL, Deputy Clerk

c:

Received above material or record file this    day of    , 20  .

Signature: _____

Date: _____

Case 1:05-cr-00043-GMS    Document 7    Filed 06/03/2005    Page 2 of 30

CLOSED

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CRIMINAL DOCKET FOR CASE #: 2:99-cr-00119-RK-1
### Internal Use Only

Case title: USA v. SAVAGE, et al        Date Filed: 03/03/1999

Assigned to: JUDGE ROBERT F.
KELLY

### Defendant

**DONALD SAVAGE** (1)
*TERMINATED: 04/26/2000*

represented by   **JOSEPH C. SANTAGUIDA**
121 S. BROAD ST.
NORTH AMERICAN BLDG, 2ND
FLOOR
PHILA, PA 19107
TEL 215-893-0900
Fax: FAX 215-893-0802
*TERMINATED: 04/12/1999*
*LEAD ATTORNEY*
*Designation: Retained*

**MARK E. GOTTLIEB**
ANDERSON KILL & OLICK, PC
1600 MARKET ST.
STE. 2500
PHILADELPHIA, PA 19103
215-568-4202
Email: mgottlieb@andersonkill.com
*TERMINATED: 04/26/2000*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

### Pending Counts

21:846 CONSPIRACY TO
DISTRIBUTE COCAINE BASE.
(1)

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: _____6-12-05_____

ATTEST:_____

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

### Disposition

IMPRISONMENT 84 MONTHS ON
COUNTS 1, 9 AND 11 TO RUN
CONCURRENTLY. IMPRISONMENT
60 MONTHS AS TO COUNTS 5 AND
7 TO RUN CONCURRENTLY TO
COUNTS 1, 9 AND 11. SENTENCE IS
SUSPENDED AS TO COUNTS 4, 6, 8

AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESS MENT $ 500.00.

21:841(a)(1) DISTRIBUTION OF COCAINE BASE.
(4)

IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN CONCURRENTLY. IMPRISONMENT 60 MONTHS AS TO COUNTS 5 AND 7 TO RUN CONCURRENTLY TO COUNTS 1, 9 AND 11. SENTENCE IS SUSPENDED AS TO COUNTS 4, 6, 8 AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESS MENT $ 500.00.

21:860 DRUG OFFENSES IN SCHOOL ZONE.
(5)

IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN CONCURRENTLY. IMPRISONMENT 60 MONTHS AS TO COUNTS 5 AND 7 TO RUN CONCURRENTLY TO COUNTS 1, 9 AND 11. SENTENCE IS SUSPENDED AS TO COUNTS 4, 6, 8 AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESS MENT $ 500.00.

21:841(a)(1) DISTRIBUTION OF COCAINE BASE; 18:2 AIDING AND ABETTING.
(6)

IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN CONCURRENTLY. IMPRISONMENT 60 MONTHS AS TO COUNTS 5 AND 7 TO RUN CONCURRENTLY TO COUNTS 1, 9 AND 11. SENTENCE IS SUSPENDED AS TO COUNTS 4, 6, 8 AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESS MENT $ 500.00.

21:860 DRUG OFFENSES IN SCHOOL ZONE; 18:2 AIDING AND ABETTING.
(7)

IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN CONCURRENTLY. IMPRISONMENT 60 MONTHS AS TO COUNTS 5 AND 7 TO RUN CONCURRENTLY TO COUNTS 1, 9 AND 11. SENTENCE IS SUSPENDED AS TO COUNTS 4, 6, 8 AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESS MENT $ 500.00.

21:841(a)(1) POSSESSION OF COCAINE BASE WITH INTENT TO

IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN

DISTRIBUTE
(8)

21:860 DRUG OFFENSES IN
SCHOOL ZONE.
(9)

21:841(a)(1) POSSESSION OF
COCAINE BASE WITH INTENT TO
DISTRIBUTE.
(10)

21:860 DRUG OFFENSES IN
SCHOOL ZONE.
(11)

CONCURRENTLY. IMPRISONMENT
60 MONTHS AS TO COUNTS 5 AND
7 TO RUN CONCURRENTLY TO
COUNTS 1, 9 AND 11. SENTENCE IS
SUSPENDED AS TO COUNTS 4, 6, 8
AND 10. SUPERVISED RELEASE 10
YEARS AND SPECIAL ASSESS
MENT $ 500.00.

IMPRISONMENT 84 MONTHS ON
COUNTS 1, 9 AND 11 TO RUN
CONCURRENTLY. IMPRISONMENT
60 MONTHS AS TO COUNTS 5 AND
7 TO RUN CONCURRENTLY TO
COUNTS 1, 9 AND 11. SENTENCE IS
SUSPENDED AS TO COUNTS 4, 6, 8
AND 10. SUPERVISED RELEASE 10
YEARS AND SPECIAL ASSESS
MENT $ 500.00.

IMPRISONMENT 84 MONTHS ON
COUNTS 1, 9 AND 11 TO RUN
CONCURRENTLY. IMPRISONMENT
60 MONTHS AS TO COUNTS 5 AND
7 TO RUN CONCURRENTLY TO
COUNTS 1, 9 AND 11. SENTENCE IS
SUSPENDED AS TO COUNTS 4, 6, 8
AND 10. SUPERVISED RELEASE 10
YEARS AND SPECIAL ASSESS
MENT $ 500.00.

IMPRISONMENT 84 MONTHS ON
COUNTS 1, 9 AND 11 TO RUN
CONCURRENTLY. IMPRISONMENT
60 MONTHS AS TO COUNTS 5 AND
7 TO RUN CONCURRENTLY TO
COUNTS 1, 9 AND 11. SENTENCE IS
SUSPENDED AS TO COUNTS 4, 6, 8
AND 10. SUPERVISED RELEASE 10
YEARS AND SPECIAL ASSESS
MENT $ 500.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

## Highest Offense Level (Terminated)

None

## Complaints                                    Disposition

None

---

## Plaintiff

**USA**                          represented by **LOUIS D. LAPPEN**
                                 U.S. ATTORNEY'S OFFICE
                                 615 CHESTNUT ST
                                 SUITE 1250
                                 PHILA, PA 19106
                                 Fax: 215-861-8618
                                 Email: louis.lappen@usdoj.gov
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/03/1999 | 1 | Sealed Indictment as to DONALD SAVAGE (1) count(s) 1, 4, 5, 6, 7, 8, 9, 10, 11, JEMEAL STOKES (2) count(s) 1, 2, 3, 6, 7, 8, 9. (mrs) (Entered: 03/05/1999) |
| 03/03/1999 |   | Count(s) added DONALD SAVAGE (1) count(s) 7, 9, JEMEAL STOKES (2) count(s) 7, 9 (mrs) (Entered: 03/05/1999) |
| 03/03/1999 | 2 | MOTION and ORDER Sealing Indictment as to DONALD SAVAGE, JEMEAL STOKES. (Signed by MAGISTRATE JUDGE PETER B. SCUDERI.) (mrs) (Entered: 03/05/1999) |
| 03/03/1999 | 3 | MOTION and ORDER for Issuance of BENCH Warrant as to DONALD SAVAGE. (Signed by MAGISTRATE JUDGE PETER B. SCUDERI.) (mrs) (Entered: 03/05/1999) |
| 03/03/1999 |   | BENCH Warrant issued as to DONALD SAVAGE. (mrs) (Entered: 03/05/1999) |
| 03/03/1999 |   | **Added Government Attorney LOUIS D. LAPPEN (mrs) (Entered: 03/05/1999) |
| 03/05/1999 | 5 | Letter from AUSA Unsealing Indictment as to DONALD SAVAGE, JEMEAL STOKES. (mrs) (Entered: 03/05/1999) |
| 03/05/1999 |   | Indictment unsealed as to DONALD SAVAGE, JEMEAL STOKES. (mrs) (Entered: 03/05/1999) |

Case 1:05-cr-00043-GMS    Document 7    Filed 06/03/2005    Page 6 of 30

| 03/05/1999 | | **Procedural Interval start P2 as to DONALD SAVAGE (1) count(s) 1, 4, 5, 6, 7, 8, 9, 10, 11 (ar) (Entered: 03/11/1999) |
| --- | --- | --- |
| 03/08/1999 | 6 | Minute entry dated 3/5/99 as to DONALD SAVAGE: No bail set - Government's motion for temporary detention granted. A detention hearing and arraignment is scheduled before Magistrate Judge Melinson on 3/10/99 at 1:30 p.m. (PBS) (lb) (Entered: 03/09/1999) |
| 03/08/1999 | 7 | Notice of Appearance for DONALD SAVAGE by Robert Gamburg, Esq., for JOSEPH C. SANTAGUIDA. (lb) (Entered: 03/09/1999) |
| 03/08/1999 | 8 | ORDER OF TEMPORARY DETENTION DATED 3/5/99 AS TO DONALD SAVAGE THAT A DETENTION HEARING IS SET FOR 3/10/99 AT 1:30 P.M., BEFORE MAGISTRATE JUDGE MELINSON. (SIGNED BY MAGISTRATE JUDGE PETER B. SCUDERI), 3/9/99 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 03/09/1999) |
| 03/10/1999 | | Arraignment as to DONALD SAVAGE HELD, count(s) 1, 4, 5, 11, 6, 8, 10, 7, 9. (lb) (Entered: 03/10/1999) |
| 03/10/1999 | 10 | Plea entered 3/10/99 by DONALD SAVAGE. Court accepts plea. NOT GUILTY: count(s) 1, 4, 5, 11, 6, 8, 10, 7, 9. Counsel has 10 days to file motions. No bail set - defendant ordered detained. (JRM) (lb) Modified on 03/10/1999 (Entered: 03/10/1999) |
| 03/10/1999 | 11 | Notice of Appearance for DONALD SAVAGE by Attorney, Joseph Santaguida. (lb) (Entered: 03/10/1999) |
| 03/10/1999 | 12 | MOTION BY USA AS TO DONALD SAVAGE FOR HEARING AND DEFENDANT'S PRETRIAL DETENTION, MEMORANDUM, CERT. OF SERVICE. (lb) (Entered: 03/10/1999) |
| 03/10/1999 | 13 | ORDER DATED 3/10/99 AS TO DONALD SAVAGE GRANTING MOTION FOR HEARING AND DEFENDANT'S PRETRIAL DETENTION. IT IS ORDERED THAT THE DEFENDANT BE DETAINED PENDING TRIAL AND THAT HE BE COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL FOR CONFINEMENT. (SIGNED BY MAGISTRATE JUDGE JAMES R. MELINSON), 3/10/99 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 03/10/1999) |
| 04/08/1999 | 21 | MOTION BY DONALD SAVAGE FOR JOSEPH C. SANTAGUIDA TO WITHDRAW AS ATTORNEY, CERT. OF SERVICE. (lb) (Entered: 04/09/1999) |
| 04/12/1999 | 22 | ORDER DATED 4/12/99 AS TO DONALD SAVAGE GRANTING MOTION FOR JOSEPH C. SANTAGUIDA TO WITHDRAW AS ATTORNEY. (SIGNED BY JUDGE ROBERT F. KELLY), 4/12/99 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 04/12/1999) |

| 04/22/1999 | 24 | CJA 20 dated 4/14/99 as to DONALD SAVAGE : Appointment of Attorney, MARK E. GOTTLIEB Voucher # 0850005. (Signed by MAGISTRATE JUDGE CAROL S. WELLS) (lb) (Entered: 04/22/1999) |
|---|---|---|
| 05/07/1999 | 25 | Change of Plea Memorandum by USA as to DONALD SAVAGE. Cert. of Service. (lb) (Entered: 05/07/1999) |
| 05/07/1999 | | Change of Plea Hearing as to DONALD SAVAGE HELD. (lb) (Entered: 05/07/1999) |
| 05/07/1999 | 26 | Plea entered 5/7/99 by DONALD SAVAGE. Court accepts plea. GUILTY: count(s) 1, 4, 5, 6, 7, 8, 9, 10 and 11. PSI Ordered. Sentencing set for 9/10/99. (lb) (Entered: 05/07/1999) |
| 05/07/1999 | 27 | Guilty Plea Agreement as to DONALD SAVAGE. (lb) (Entered: 05/07/1999) |
| 03/15/2000 | 33 | Arrest Warrant Returned Executed as to DONALD SAVAGE on 3/5/99. (lb) (Entered: 03/16/2000) |
| 04/19/2000 | 34 | Sentencing Memorandum by USA as to DONALD SAVAGE, Cert. of Service. (cmc) (Entered: 04/20/2000) |
| 04/19/2000 | 35 | MOTION BY USA AS TO DONALD SAVAGE TO ALLOW COURT TO DEPART DOWNWARD FROM APLLICABLE GUIDELINE RANGE AND TO IMPOSE SENTENCE BELOW THE MANDATORY MINIMUM TERM OF IMPRISONMENT , CERT. OF SERVICE. (jh) (Entered: 04/20/2000) |
| 04/24/2000 | | Sentencing HELD as to DONALD SAVAGE count(s) 1, 4, 5, 6, 7, 8, 9, 10 and 11. (lb) (Entered: 04/26/2000) |
| 04/25/2000 | 36 | MOTION BY USA AS TO DONALD SAVAGE FOR JUDGMENT AND ORDER OF FORFEITURE, CERT. OF SERVICE. (lb) (Entered: 04/25/2000) |
| 04/26/2000 | 38 | Minute entry dated 4/24/00 as to DONALD SAVAGE: Re: Sentencing: 84 months imprisonment as to counts 1, 9 and 11 to run concurrently; 60 months imprisonment as to counts 5 and 7 to run concurrently to each other and concurrently with counts 1, 9 and 11; sentence is suspended as to counts 4, 6, 8 and 10; special assessment $ 500.00 and supervised release to run concurrently on counts 1, 5, 7, 9 and 11. [35-1] GOVERNMENT'S MOTION TO ALLOW COURT TO DEPART DOWNWARD - GRANTED. (lb) (Entered: 04/26/2000) |
| 04/26/2000 | 39 | ORDER DATED 4/24/00 AS TO DONALD SAVAGE THAT THE GOVERNMENT'S MOTION FOR DOWNWARD DEPART FROM SENTENCING GUIDELINES IS GRANTE. (SIGNED BY JUDGE ROBERT F. KELLY), 4/26/00 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (lb) (Entered: 04/26/2000) |

| | | |
|---|---|---|
| 04/26/2000 | 40 | JUDGMENT DATED 4/26/00 AS TO DONALD SAVAGE IMPRISONMENT 84 MONTHS ON COUNTS 1, 9 AND 11 TO RUN CONCURRENTLY. IMPRISONMENT 60 MONTHS AS TO COUNTS 5 AND 7 TO RUN CONCURRENTLY TO COUNTS 1, 9 AND 11. SENTENCE IS SUSPENDED AS TO COUNTS 4, 6, 8 AND 10. SUPERVISED RELEASE 10 YEARS AND SPECIAL ASSESSMENT $ 500.00. (SIGNED BY JUDGE ROBERT F. KELLY), 4/26/00 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (lb) (Entered: 04/26/2000) |
| 04/26/2000 | 41 | ORDER DATED 4/24/00 AS TO DONALD SAVAGE GRANTING [36-1] MOTION FOR JUDGMENT AND ORDER OF FORFEITURE. THE DEFENDANT SHALL FORFEIT TO THE UNITED STATES OF AMERICA THE SUM OF $ 3,105.00 IN U.S. CURRENCY. (SIGNED BY JUDGE ROBERT F. KELLY), 4/26/00 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (lb) (Entered: 04/26/2000) |
| 04/26/2000 | | **Terminated party DONALD SAVAGE. (lb) (Entered: 04/26/2000) |
| 04/28/2000 | | **Terminated party JEMEAL STOKES. (lb) (Entered: 05/02/2000) |
| 04/28/2000 | | **Case closed as to all defendant as to DONALD SAVAGE and JEMEAL STOKES. (lb) (Entered: 05/02/2000) |
| 05/22/2000 | 49 | PETITION AND ORDER DATED 5/19/00 BY USA FOR AD PROSEQUENDUM THAT THE SUPERINTENDENT OF FCI OTISVILLE AND THE U.S. MARSHAL FOR THE EPDA PRODUCE BEFORE THIS COURT THE BODY OF DONALD SAVAGE ON 6/5/00 FOR A PROFFER, ETC., WITH CONDITIONS. (SIGNED BY JUDGE ROBERT F. KELLY), 5/23/00 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 05/23/2000) |
| 06/01/2005 | ●50 | Probation Jurisdiction Transferred to DISTRICT OF DELEWARE (WILMINGTON OFFICE CASE # 05-43) as to DONALD SAVAGE Transmitted Transfer of Jurisdiction form, with certified copies of Indictment, Judgment and Docket Sheet. (ke) (Entered: 06/02/2005) |

LDL:krm\401savag





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :  CRIMINAL NO. $99-119$

         V.  :  DATE FILED: _____

DONALD SAVAGE  :  VIOLATION: 21 U.S.C. § 846 (Conspiracy to
JEMEAL STOKES         distribute cocaine base - 1 Count)
       21 U.S.C. §841(a)(1)(Distribution of
       of cocaine base - 3 Counts)
       21 U.S.C. § 841(a)(1)(Possession of
       cocaine base with intent to
       distribute - 2 Counts)
       21 U.S.C. § 860 (Drug offenses in
       school zone - 5 Counts)
       18 U.S.C. §2 (Aiding and abetting)

**FILED**

MAR 0 3 1999

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### INDICTMENT

### COUNT ONE

**REDACTED**

**THE GRAND JURY CHARGES THAT**:

From at least August 5, 1998 through August 8, 1998, at

Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

### DONALD SAVAGE and
### JEMEAL STOKES

did knowingly and intentionally combine, conspire, confederate, and agree, and with persons

known and unknown to the grand jury, to distribute and to possess with intent to distribute more

than 100 grams, that is, approximately 110 grams, of a mixture or substance containing a

detectable amount of cocaine base ("crack,") a Schedule II narcotic drug controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1), and to distribute and to possess with

intent to distribute more than 100 grams, that is, approximately 110 grams, of a mixture or

substance containing a detectable amount of cocaine base ("crack,") a Schedule II narcotic drug

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6-7-05

ATTEST: _____

DEPUTY CLERK, UNITED STATES DISTRICT COURT

controlled substance, within 1,000 feet of a school in violation of Title 21, United States Code, Section 860.

## MANNER AND MEANS

1. It was part of the conspiracy that defendants DONALD SAVAGE and JEMEAL STOKES, with other persons known and unknown to the grand jury, sold packets of cocaine base ("crack,") to street level buyers from a residence at 1224 S. 4th Street ("the residence") in Philadelphia, Pennsylvania.

2. It was further part of the conspiracy that defendants DONALD SAVAGE and JEMEAL STOKES stored quantities of cocaine base ("crack,") and drug paraphernalia inside the residence and used the residence for packaging and concealing the cocaine base ("crack).

3. It was further part of the conspiracy that defendants DONALD SAVAGE and JEMEAL STOKES stored the proceeds of their illegal drug sales inside the residence.

4. It was further part of the conspiracy that defendants DONALD SAVAGE and JEMEAL STOKES engaged in the above illegal drug activity within 1,000 feet of the real property comprising the George Washington Elementary School, a public elementary school, located at 5th and Federal Streets in Philadelphia, and within 1,000 feet of the real property comprising the Saint Casimir School, a private elementary school, located at 324 Wharton Street in Philadelphia.

2

**OVERT ACTS**

In furtherance of conspiracy and to accomplish its objects, the following overt acts were committed in the Eastern District of Pennsylvania:

1. On or about August 5, 1998, defendant JEMEAL STOKES distributed a mixture or substance containing a detectable amount of cocaine base ("crack,") to an undercover Philadelphia Police Officer in the area of 1224 S. 4th Street.

2. On or about August 6, 1998, defendant DONALD SAVAGE distributed a mixture or substance containing a detectable amount of cocaine base ("crack") to J.C. in the area of 1224 S. 4th Street.

3. On or about August 6, 1998, defendants DONALD SAVAGE and JEMEAL STOKES distributed a mixture or substance containing a detectable amount of cocaine base ("crack,") to an undercover Philadelphia Police Officer in the area of 1224 S. 4th Street.

4. On or about August 8, 1998, defendants JEMEAL STOKES and DONALD SAVAGE possessed with intent to distribute about 110 grams of a mixture or substance containing a detectable amount of cocaine base ("crack,") inside 1224 South 4th Street.

5. On or about August 8, 1998, defendants JEMEAL STOKES and DONALD SAVAGE possessed various items of drug paraphernalia to weigh, cut, and package cocaine base ("crack,") inside 1224 South 4th Street.

6. On or about August 8, 1998, defendants JEMEAL STOKES and DONALD SAVAGE possessed approximately $3,105 in United States Currency as proceeds from their distribution of cocaine base ("crack,") inside 1224 South 4th Street.

All in violation of Title 21, United States Code, Section 846.

3

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about August 5, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### JEMEAL STOKES

did knowingly and intentionally distribute to an undercover Philadelphia Police Officer a mixture

or substance containing a detectable amount of cocaine base ("crack,") a Schedule II narcotic

drug controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

4

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 5, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### JEMEAL STOKES

did knowingly and intentionally distribute to an undercover Philadelphia Police Officer a mixture

or substance containing a detectable amount of cocaine base ("crack,") a Schedule II narcotic

drug controlled substance, within 1000 feet of the real property comprising the George

Washington Elementary School, a public elementary school, located at 5th and Federal Streets in

Philadelphia, and within 1,000 feet of the real property comprising the Saint Casimir School, a

private elementary school, located at 324 Wharton Street in Philadelphia, in violation of Section

841(a)(1).

In violation of Title 21, United States Code, Section 860.

5

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about August 6, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### DONALD SAVAGE

did knowingly and intentionally distribute to J.C. a mixture or substance containing a detectable

amount of cocaine base ("crack,") a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

6

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 6, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### DONALD SAVAGE

did knowingly and intentionally distribute to J.C. a mixture or substance containing a detectable

amount of cocaine base ("crack,") a Schedule II narcotic drug controlled substance, within 1,000

feet of the real property comprising the George Washington Elementary School, a public

elementary school, located at 5th and Federal Streets in Philadelphia, and within 1,000 feet of the

real property comprising the Saint Casimir School, a private elementary school, located at 324

Wharton Street in Philadelphia, in violation of Section 841(a)(1).

In violation of Title 21, United States Code, Section 860.

7

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 6, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

### DONALD SAVAGE and
### JEMEAL STOKES

did knowingly and intentionally distribute to an undercover Philadelphia Police Officer a mixture

or substance containing a detectable amount of cocaine base ("crack,") a Schedule II narcotic

drug controlled substance, and did aid and abet in the distribution.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

8

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 6, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**DONALD SAVAGE and
JEMEAL STOKES**

did knowingly and intentionally distribute to an undercover Philadelphia Police Officer a mixture

or substance containing a detectable amount of cocaine base ("crack,") a Schedule II narcotic

drug controlled substance, within 1,000 feet of the real property comprising the George

Washington Elementary School, a public elementary school, located at 5th and Federal Streets in

Philadelphia, and the Saint Casimr School, a private elementary school, located at 324 Wharton

Street in Philadelphia, in violation of Section 841(a)(1), and did aid and abet in the distribution.

In violation of Title 21, United States Code, Section 860, and Title 18, United

States Code, Section 2.

9

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 8, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**DONALD SAVAGE and
JEMEAL STOKES**

did knowingly and intentionally possess with the intent to distribute in excess of 100 grams, that

is, approximately 110 grams, of a mixture or substance containing a detectable amount of

cocaine base ("crack,") a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

10

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about September 23, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### DONALD SAVAGE

did knowingly and intentionally possess with the intent to distribute in excess of 100 grams, that

is, approximately 107 grams, of a mixture or substance containing a detectable amount of

cocaine base ("crack,") a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

12

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 23, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### DONALD SAVAGE

did knowingly and intentionally possess with the intent to distribute in excess of 100 grams, that

is, approximately 107 grams, of a mixture or substance containing a detectable amount of

cocaine base ("crack,") a Schedule II narcotic drug controlled substance, within 1,000 feet of the

real property comprising the University of the Arts, a private college, located at Broad and Pine

Streets in Philadelphia, in violation of Section 841(a)(1).

In violation of Title 21, United States Code, Section 860.

13

## NOTICE OF FORFEITURE

As a result of the violations of Title 21, United States Code, Sections 846 and 841, as set forth in this indictment, defendants

**DONALD SAVAGE and
JEMEAL STOKES**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, the following property:

A.     All property derived from any proceeds which defendants DONALD SAVAGE and JEMEAL STOKES, obtained, directly or indirectly, as a result of these violations of Title 21 as charged in this indictment, including, but not limited to, the sum of $3,105 representing the proceeds from the sale of controlled substances by defendants DONALD SAVAGE and JEMEAL STOKES, during the course of the conspiracy charged in Count One of this Indictment.

B.     All property owned by defendants DONALD SAVAGE and JEMEAL STOKES which was used or intended to be used in any manner or part to commit or facilitate the commission of any of these violations;

C.     If any of the property being subject to forfeiture, as a result of any act or omission of the defendants DONALD SAVAGE and JEMEAL STOKES

1.     cannot be located upon the exercise of due diligence;

2.     has been transferred or sold to, or deposited with, a third party;

3.     has been placed beyond the jurisdiction of the court;

4.     has been substantially diminished in value; or

5.     has been commingled with other property which cannot be divided

14

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to

seek forfeiture of any other property of said defendant up to the value of the above forfeitable

property.

All pursuant to Title 21, United States Code, Section 853(a)(1), (2) and (p).


FOREPERSON


**MICHAEL R. STILES**
**United States Attorney**


**First Assistant U.S. Attorney**


15

AO 245B (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Pennsylvania

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |

DONALD SAVAGE **REDACTED**

Case Number: CR       99-119-1

Mark E. Gottlieb, Esq.
Defendant's Attorney

## THE DEFENDANT:

**X**  pleaded guilty to count(s)   1,4,5,6,7,8,9,10 & 11

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

**FILED**

**APR 2 6 2000**

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to distribute cocaine base | 8/8/98 | 1 |
| 21 U.S.C. 841(a)(1) | Distribution of cocaine base | 8/6/98 | 4 & 6 |
| 21 U.S.C. 860 | Distribution of cocaine base within 1000 feet of a school | 8/6/98 | 5 & 7 |
| 21 U.S.C. 841(a)(1) | Possession of cocaine base with intent to distribute | 8/8/98 | 8 |
| 21 U.S.C. 860 | Possession of cocaine base with intent to distribute within 1000 feet of a school | 8/8/98 | 9 |
| 21 U.S.C. 841(a)(1) | Possession of cocaine base with intent to distribute | 9/23/98 | 10 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.:   52617-066

Defendant's Residence Address:

Northern Neck Regional County Jail

P.O. Box 1090

Warsaw, VA  22572

4/24/2000
Date of Imposition of Judgment

_Robert F. Kelly_
Signature of Judicial Officer

ROBERT F. KELLY, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

_April 26, 2000_       **ENTERED**
Date

**APR 2 6 2000**

Defendant's Mailing Address:

Northern Neck Regional County Jail

P.O. Box 1090   DATED: ___9-2-05___

Warsaw, VA  22572   ATTEST:

A TRUE COPY CERTIFIED TO FROM THE RECORD

COPIES TO ALL PARTIES

DEPUTY CLERK UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AO 245B    (8/96) Judgment in a Criminal Case
Sheet 1 — Reverse

DEFENDANT:    DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 860 | Possession of cocaine base with intent to distribute within 1000 feet of a school | 9/23/98 | 11 |
| 18 U.S.C. 2 | Aiding and abetting | 8/6/98 | 6 & 7 |

AO 245B    (8/96) Sheet 2—Imprisonment

DEFENDANT:      DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of    84 months                .

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m. ☐ p.m. on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B    (8/96) Judgment in a Criminal Case
           Sheet 2 — Reverse — Imprisonment

DEFENDANT:    DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

## ADDITIONAL IMPRISONMENT TERMS

84 months imprisonment imposed as to Counts 1,9 & 11, to run concurrently to each other.  60 months imprisonment imposed as to Counts 5 & 7, to run concurrently to each other and concurrently to sentence imposed on Counts 1,9 & 11. Sentence is suspended as to Counts 4,6,8 & 10.

AO 245B    (8/96) Sheet 3—Supervised Release

DEFENDANT:    DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___10 years___ .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (8/96) Judgment in a Criminal Case
           Sheet 3 — Reverse — Supervised Release

Judgment—Page ___6___ of ___9___

DEFENDANT:      DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

## ADDITIONAL SUPERVISED RELEASE TERMS

10 years supervised release imposed as to Counts 1,5,7,9 & 11, to run concurrently to each other.  While on supervised release, the defendant shall undergo such drug testing/treatment program deemed necessary by the Probation Officer.

AO 245B    (8/96) Sheet 5, Part A—Criminal Monetary Penalties

Judgment — Page __7__ of __9__

DEFENDANT:    DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $  500.00 | $ | $ |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . .    $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $_____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐  The interest requirement is waived.

　　☐  The interest requirement is modified as follows:

## RESTITUTION

☐  The determination of restitution is deferred until _____ .  An Amended Judgment in a Criminal Case will be entered after such determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (8/96) Sheet 5, Part B—Criminal Monetary Penalties

DEFENDANT:      DONALD SAVAGE
CASE NUMBER:    CR 99-119-1

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    X    In full immediately; or

B    ☐    $ _____ immediately, balance due (in accordance with C, D, or E); or

C    ☐    not later than    _____ ; or

D    ☐    in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    ☐    in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.